IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARDELL MCGEE SMITH,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                                    **No. 05-cv-0473-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

On June 6, 2005, Mardell McGee Smith filed a pleading entitled petition for writ of habeas corpus (Doc. 1). Smith's petition challenges the Bureau of Prison's regulations regarding his assignment to a community corrections center. On January 1, 2006, with Smith's consent (Doc. 5), the Court, pursuant to ***Richmond v. Scibana*, 387 F.3d 602, 605-06 (7th Cir. 2004)**, converted the case to a civil case under the Administrative Procedures Act, **5 U.S.C. § 551 et. seq** (Doc. 6).

On February 9, 2007, the Government filed a motion to dismiss Smith's civil action arguing that the Court lacks jurisdiction as Smith has failed to exhaust his administrative remedies (Doc. 16). Thereafter, on April 9, 2007, Magistrate Judge Frazier entered an Order allowing Smith up to and including April 20, 2007 to file a response to the motion to dismiss or risk that the merits of the motion to

dismiss be deemed admitted pursuant to **Local Rule 7.1(c)** (Doc. 17).[1]  As of this date, Smith has not responded to the motion to dismiss.  Thus, the Court considers this failure to respond as an admission of the merits of the motion to dismiss.  Accordingly, the Court **GRANTS** the Government's motion to dismiss (Doc. 16).  The Court **DISMISSES without prejudice** Smith's case of action for lack of jurisdiction.  The Court will close the file.

    **IT IS SO ORDERED.**

    Signed this 10th day of May, 2007.

                                    /s/         David  RHerndon
                                    **United States District Judge**

---

[1] Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." **Local Rule 7.1(c)**.